## 9177

### CRAWFORD v. SOUTHERN RAILWAY CO. ·

#### (86 S. E. 19.)

CARRIERS OF LIVE STOCK. INTERSTATE CARRIERS. BILLS OF LADING. STIP-
ULATION FOR NOTICE OF CLAIM. REASONABLENESS. CONSTRUCTION OF
STIPULATION. WAIVER.

1. CONTRACTS—REASONABLENESS—QUESTION OF LAW.—Where the facts
are undisputed, whether a stipulation in a bill of lading is reasonable,
is a question of law for the Court.

2. INTERSTATE COMMERCE—CARRIERS—BILLS OF LADING.—The validity
of a stipulation in a bill of lading for an interstate shipment must
be determined under the act of Congress regulating interstate com-
merce.

3. CARRIERS—BILLS OF LADING—REASONABLENESS.—In determining the
reasonableness of stipulations in a bill of lading regard must be had
to the circumstances of the particular case.

4. CARRIERS—BILL OF LADING—NOTICE OF CLAIM.—A stipulation in a
bill of lading requiring notice of claim for damages to be given the
carrier within five days from time of removal of stock from car is
unreasonable, where the damages could not be ascertained within
that time.

5. CARRIERS—BILLS OF LADING—REASONABLE CONSTRUCTION.—Where the
limit of time within which notice of claim for damages should be
given, under stipulation in a bill of lading, is unreasonably short,
claimant is not excused from giving any notice at all, but must give
the required notice within a reasonable time, after he, in the exercise
of due diligence, could ascertain the nature and extent of his dam-
ages.

6. REASONABLE TIME—ISSUES.—When the facts are undisputed and sus-
ceptible of only one reasonable inference, the question whether an
act was done within a reasonable time is one of law for the Court;
otherwise, it is a question of fact for the jury.

7. CARRIERS—BILLS OF LADING—WAIVER.—The mere fact that an agent
of carrier examined and reported to it, the condition of goods
shipped, does not warrant inference of waiver of notice of claim for
damages because of the condition of such goods.

Before DEVORE, J., Winnsboro, February, 1914. Re-
versed. .

FOOTNOTE.—As to validity and effect of contract stipulation limiting
time to present claim against carrier of goods, see notes in 9 A. & E.
Ann. Cas. 17, 14 *Ib.* 416, 7 L. R. A. (N. S.) 1041, 13 *Ib.* 753.

Action by D. A. Crawford against Southern Railway Company. From judgment for plaintiff, defendant appeals. The facts are stated in the opinion.

*Messrs. McDonald & McDonald,* for appellant, submit: *The stipulation that claims for damage must be filed within five days from the time the stock is unloaded is a reasonable and valid stipulation under the interstate commerce act, and his Honor should have directed a verdict for the defendant, when the undisputed evidence was that no claim, whatsoever, had been filed prior to suit;* and cite: 233 U. S. 97; 158 U. S. 98; 202 U. S. 242; 209 U. S. 81; 219 U. S. 476; 204 U. S. 445; 227 U. S. 656; 232 U. S. 490; 233 U. S. 173; 223 U. S. 573; 227 U. S. 657; 226 U. S. 491; 227 U. S. 639. *The stipulation that notice of damage must be given within five (5) days from the time the stock shall be removed from the cars, etc., is a reasonable regulation as a matter of law and it was error to submit that question to the jury:* 113 N. C. 588; 18 S. E. 88; 5 S. C. 358; 71 S. C. 506; 208 Fed. 1; 59 Or. 206; 117 Pac. 303; 203 Fed. 971; 107 Fed. 628; 23 Ind. App. 638; 55 N. E. 1026; 151 N. C. 137; 65 S. E. 757; 47 Kan. 753; 28 Pac. 1013; 109 Va. 523; 65 S. E. 30; 115 Ga. 705; 42 S. E. 35; 33 Okl. 160; 124 Pac. 461; 31 Okl. 469; 122 Pac. 228.

*Mr. G. W. Ragsdale,* for respondent.

August 24, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Defendant appeals from judgment for plaintiff for $600.00 damages for negligent injury to some horses and mules, shipped by plaintiff from Richmond, Va., and consigned to himself at Winnsboro, S. C.

The bill of lading contained the following stipulation, which was pleaded by defendant as a bar to the action:

"That no claim for damages which may accrue to the said shipper under this contract shall be allowed or paid by the said carrier, or sued for in any Court by the said shipper, unless a claim for such loss or damage shall be made in writing, verified by the affidavit of the said shipper or his agent, and delivered to an authorized officer or agent of the said carrier within five days from the time said stock is removed from said car or cars, and that if any loss or damage occurs upon the line of a connecting carrier, then such carrier shall not be liable unless a claim shall be made in like manner, and delivered in like time, to some proper officer or agent of the carrier on whose line the loss or injury occurs."

The evidence tended to prove that, on December 31, 1912, plaintiff delivered a carload of horses and mules to the Richmond, Fredericksburg & Potomac Railroad Company, at Richmond, in good order. They were loaded about 3 o'clock p. m., that day, and arrived at Winnsboro about 3 o'clock a. m., January 2, 1913, without having been fed, watered and rested in transit, as required by the Federal statute. When they were unloaded, one of the mules was in bad condition, being hardly able to get from the station to plaintiff's stable, and, in a short time, others were taken sick with shipping cold, or influenza, with the result that four died and six were sick and required special care and attention for some time. The testimony does not show when the four died, nor how long the others were sick, nor when they were restored to normal condition. It does show that none died within five days after arrival, and that, before any died, they were examined by defendant's veterinary surgeon, who gave some directions and assistance, in their treatment, and that he reported the result of his examination to one of defendant's officers, but to what officer does not appear, nor does it appear at whose request the veterinarian's examination was made.

Plaintiff gave defendant no notice in writing of his claim, except by commencement of the action, on July 11, 1913. It does not appear whether any other notice of the claim was given, or, if so, when, to whom, or in what way. It does appear that the notice required by the stipulation was not given in the manner or within the five days' time therein specified.

Defendant moved for a directed verdict on the ground that no claim for damages had been made in the manner and within the time required by the stipulation. The Court refused the motion and submitted to the jury the question of the reasonableness of the stipulation. This was error. The facts being undisputed, the question was one of law. *Clarkson* v. *Supreme Lodge,* 99 S. C. 134, 82 S. E. 1043.

This being an interstate shipment, the validity of the stipulation must be determined under the act of Congress regulating interstate commerce. *Adams Express Co.* v. *Croninger,* 226 U. S. 491, 57 L. Ed. 314, Sup. Ct. 148; *Kansas Southern Ry.* v. *Carl,* 227 U. S. 639, 33 Sup. Ct. 391; *Missouri K. & T. Ry.* v. *Harriman,* 227 U. S. 657, 33 Sup. Ct. 397. In the case last cited, the Court said: "The liability imposed by the statute is the liability imposed by the common law upon a common carrier, and may be limited or qualified by special contract with the shipper, provided the limitation or qualification be just and reasonable, and does not exempt from loss or responsibility due to negligence" (citing cases). The cases above cited, as well as those cited by the Court in the several opinions, show that the stipulation in question does not exempt the carrier from liability for negligence. The same cases hold that, to be valid, such stipulations must be just and reasonable, and, in the Carl case, at page 654, the Court said: "To the extent that such limitations of liability are not forbidden by law, they become, when filed, a part of the rate."

Examination of the authorities shows that, in determining the reasonableness of such stipulations, no fixed rule or test can be laid down, for clearly what would be reasonable in some circumstances would be unreasonable in others. 4 R. C. L., secs. 253, 455; Queen of the Pacific, 180 U. S. 49, 21 Sup. Ct. 278. Therefore, each case must be decided upon its own facts and circumstances. In the case last cited, the Court said, at page 56: "It is unnecessary to say that if, under the circumstances of a particular case, the stipulations were unreasonable, or worked a manifest injustice to the libellants, we should not give it effect."

As applied to the facts and circumstances of this case, the stipulation in question is manifestly unjust and unreasonable. To give it literal effect would work a forfeiture of plaintiff's claim because of his failure to do that which was impossible. The undisputed evidence shows that he could not have ascertained the nature and extent of his damages within five days from the time the stock was removed from the car; for these were uncertain, until the animals that were made sick either died or were restored to normal condition. It follows that, in so far as the stipulation required that he should make his claim in the manner and within the time specified, it was unreasonable and void.

But the stipulation should have a reasonable construction; and, although the limit of time was unreasonably short, an account of the peculiar circumstances, the plaintiff was not excused from giving any notice at all, for it must be presumed that the parties contemplated that some notice of the claim should be given, and that it should be done within a reasonable time, after the plaintiff, in the exercise of due diligence, could ascertain the nature and extent of his damages. 4 R. C. L., sec. 253.

There must be a new trial, because, as shown by the statement of the evidence, the facts before us are not sufficient

to enable us to determine, as a matter of law, whether there was a substantial compliance with the stipulation, having regard to its object. 4 R. C. L., sec. 456.

We must not be understood, from what has been said, as holding that the question whether a thing has been done within a reasonable time is, under all circumstances, a question of law. It is such when the facts are undisputed and susceptible of only one reasonable inference; otherwise, it is a question of fact for the jury.

The stipulation was for the benefit of the carriers, and we see no reason why it could not be waived. 4 R. C. L., sec. 257. But the mere fact that defendant's veterinary surgeon examined the stock and reported the result of his examination to one of defendant's offi:ers was not enough to warrant a reasonable inference of a waiver of the stipulation. The Court erred, therefore, in submitting that question to the jury.

Judgment reversed.