9629

DEAN v. SOUTHERN RY. CO.

(91 S. E. 1042.)

CARRIERS—CARRIAGE OF LIVE STOCK—NOTICE OF DAMAGE—WAIVER.—The provision of a bill of lading for an interstate shipment of horses that any claim for damages must be made before the horses were removed or intermingled with other stock cannot be waived by the carrier.

Before SMITH J., Spartanburg, April, 1915. Reversed.

Action by E. B. Dean against the Southern Railway Company. Judgment for plaintiff, and defendant appeals.

*Messrs. Sanders & DePass,* for appellant, cite: *As to rules and regulations in schedules filed:* 202 U. S. 242, 245; 204 U. S. 426, 445; 227 U. S. 639, 656. *Cannot be waived:* 226 U. S. 441; 95 S. C. 427; 158 U. S. 98; 226 U. S. 491; 215 U. S. 481. *Shipper has notice:* 100 S. C. 469; 227 U. S. 639. *No waiver here shown:* 101 S. C. 527. *Declared valuation:* 227 U. S. 639.

*Messrs. Bomar & Osborne,* for respondent, cite: 4 R. C. L. Carriers, secs. 246 to 262; 101 S. C. 522. *Valuation:* 94 S. C. 131; 79 S. C. 346 and 222. *Waiver:* 81 S. C. 473; 17 L. R. A. (N. S.) 629; 28 L. R. A. (N. S.) 293; 24 L. R. A. (N. S.) 866. *Stipulations must be reasonable:* 57 U. S. L. Ed. 697; 48 *Ib.* 1056; 21 *Ib.* 627; 23 *Ib.* 872; 59 *Ib.* 582; 101 S. C. 552; 103 S. C. 368; 203 Fed. 973; 46 L. Ed. U. S. 213.

March 2, 1917.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Defendant appeals from judgment for plaintiff for $210.50 damages for alleged negligent injury to some horses

FOOTNOTE.—As to stipulation with reference to notice of claim, see *St. L. I. M. & S. Ry. Co. v. Starbird,* 243 U. S. 592, 37 Sup. Ct. 462.

and mules in interstate transportation. As a defense to the action, defendant alleged and the proof showed that plaintiff had not given written notice of his claim for damages in compliance with the following stipulation in the bill of lading:

"That as a condition precedent to any right to recover any damage for loss or injury to said live stock, notice in writing of the claim therefor shall be given to the agent of the carrier actually delivering said live stock wherever such delivery may be made, and such notice shall be so given before said live stock is removed or is intermingled with other live stock."

Against objection of defendant, the Court admitted testimony which plaintiff offered to show waiver of the written notice required by the stipulation, and instructed the jury that, although the stipulation was valid and binding upon the parties, nevertheless it might be waived by the defendant and submitted to them the question whether, in fact, it had been waived, and instructed them, further, that unless they found from the evidence that it had been waived, their verdict should be for the defendant.

While the exceptions challenge the correctness of other rulings and instructions, we need consider only the one above stated, as that will be decisive of this appeal. This Court held in *Crawford* v. *Railway,* 101 S. C. 522, 86 S. E. 19, that such a stipulation might be waived. But more recent decisions of the Supreme Court of the United States, whose decisions are controlling, show that such a stipulation in an interstate bill of lading, if valid and applicable, cannot be waived. *Southern Ry.* v. *Prescott,* 240 U. S. 632, 36 Sup. Ct. 469, 60 L. Ed. 836; *Northern Pac. Ry.* v. *Wall,* 241 U. S. 87, 36 Sup. Ct. 493, 60 L. Ed. 905; *Georgia, Florida & Alabama Ry. Co.* v. *Blish Milling Co.,* 241 U. S. 190, 36 Sup. Ct. 541, 60 L. Ed. 948; *Chesapeake & Ohio Ry. Co.* v. *McLaughlin,* 242 U. S. 142, 37 Sup. Ct. 40, 61 L. Ed. —.

In *Railway Co.* v. *Blish Milling Co., supra,* the Court said, with respect to such a stipulation:

"The action is in trover, but, as the State Court said, 'if we look beyond its technical denomination, the scope and effect of the action is nothing more than that of an action for damages against the delivering carrier.' 15 Ga. App. 147 (82 S. E. 787). It is urged, however, that the carrier in making the misdelivery converted the flour and thus abandoned the contract. But the parties could not waive the terms of the contract under which the shipment was made pursuant to the federal act; nor could the carrier by its conduct give the shipper the right to ignore these terms which were applicable to that conduct and hold the carrier to a different responsibility from that fixed by the agreement made under the published tariffs and regulations. A different view would antagonize the plain policy of the act and open the door to the very abuses at which the act was aimed. *Chi. & Alt. R. R.* v. *Kirby,* 225 U. S. 153, 166 (32 Sup. Ct. 648, 56 L. Ed. 1033, Ann. Cas. 1914a, 501); *Kansas Southern Ry.* v. *Carl* (227 U. S. 639, 33 Sup. Ct. 391, 57 L. Ed. 683); *A., T & S. F. Ry.* v. *Robinson,* 233 U. S. 173, 181 (34 Sup. Ct. 556, 58 L. Ed. 901); *Southern Ry.* v. *Prescott, supra.* We are not concerned in the present case with any questions save as to the applicability of the provision and its validity, and as we find it to be both applicable and valid, effect must be given to it."

In *Kansas Southern Ry.* v. *Carl,* 227 U. S. 639, 654, 33 Sup. Ct. 391, 396 (57 L. Ed. 683), it was held that:

"To the extent that such limitations of liability are not forbidden by law, they become, when filed, a part of the rate."

It is settled by numerous decisions that an interstate carrier cannot alter or waive the rate filed with the commission. Having held that the stipulation was valid and applicable, the Court erred in admitting evidence to show waiver

of the provisions, and in instructing the jury that the carrier could waive them.

Judgment reversed.

On petition for rehearing

PER CURIAM.  The only point decided by this Court was that, having held the stipulation valid and applicable, the Circuit Court erred in holding that it could be waived. Neither the validity nor applicability of the stipulation was before this Court, and, of course, the decision does not adjudicate either point.