9806

MURRAY v. ATLANTIC COAST LINE R. CO.

(93 S. E. 387.)

1. CARRIERS—INTERSTATE SHIPMENTS—NOTICE OF LOSS.—Where a bill of lading for an interstate shipment stipuated that claims for loss or damage should be made promptly in writing to the agent at point of delivery, and, if not made within ten days, the carrier should not be liable, the carrier's consideration on the merits of a claim not so filed does not operate as a waiver, and that question should not be submitted to the jury.

2. CARRIERS—CARRIAGE OF GOODS—ACTIONS—EVIDENCE—SUFFICIENCY.— In an action against a carrier for negligent delay in transportation of goods, evidence *held* to warrant finding that shipper did not give notice of delay within time stipulated by bill of lading.

3. CARRIERS—CARRIAGE OF GOODS—ACTIONS—PRESUMPTION.—There is no presumption of law that a shipper claiming damages for delay in transportation of goods gave the written notice of claim required by the bill of lading.

4. CARRIERS—CARRIAGE OF GOODS—NOTICE—PROVISIONS.—A stipulation in a bill of lading for an interstate shipment that notice of claim for damage or injury should be made promptly in writing to the agent at point of delivery, and that a failure to give such notice within ten days would bar the claim, is reasonable, for the shipper might give notice of damage by his agents at the point of delivery, their knowledge of damage being imputable to the shipper, and no particular form of notice being necessary. .

Before BOWMAN, J., Charleston, January, 1917. Affirmed.

Action by J. O. Murray against the Atlantic Coast Line Railroad Company. From a judgment for defendant, plaintiff appeals.

*Messrs. Ficken & Erckmann,* for appellant, cite: 98 S. C. 300; 88 S. C. 368; distinguish 241 U. S. 190; 225 U. S. 166; 223 U. S. 173, 181; 240 U. S. 633. *Filing claims and waiver of stipulation as to time:* 71 S. C. 506; 104 S. C. 394; 96 S. C. 258; 156 U. S. 690; 52 S. C. 227. *State regulation:* 234 U. S. 291; 242 U. S. 258, 259. *Matter of defense:* 88 S. C. 368; 54 S. C. 601. *Presumption that agent at point of delivery had notice:* 241 U. S. 196. *Stipulation unreasonable and against public policy:* 88 U. S. 556; 71 S. C. 512; 241 U. S. 197; 27 A. & E. Enc. of L. 1047; 6 Cyc. 507; 127 N. Y. 438.

*Mr. Douglas McKay* presented oral argument for respondent.

*Mr. Simeon Hyde,* also for respondent, cites: 241 U. S. 197; 105 S. C. 520.

*Messrs. Mordecai & Gadsden & Rutledge,* also for respondent.

September 6, 1917.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Action for damages for alleged negligent delay in the transportation and delivery of a shipment of beans, consigned by plaintiff at Charleston, S. C., to S. H. & E. H. Frost, commission merchants, of the city of New York.

The consignment was received by defendant on May 26, 1914, and arrived in New York, over the lines of the Pennsylvania Railroad Company, at 2:25 a. m., on the 29th in time to be delivered for the market of that day, under ordinary conditions; but it was not delivered until Monday, June 1st. The undisputed evidence is that there was no unreasonable delay in transportation.

Defendant undertook to excuse delay in delivery by proving that, on account of an unusual congestion of perishable freight ahead of plaintiff's shipment, it was impossible to unload the cars containing it on the morning of the 29th; that it could not be delivered on the 30th, because that was a legal holiday, nor on the 31st, because that was Sunday.

Defendant, therefore, denied the charge of negligence, and set up as a defense a stipulation in the bill of lading to the effect that claims for loss or damage shall be made promptly in writing to the agent at point of delivery, and, if such notice is delayed more than ten days thereafter, no carrier shall be liable for such claims.

Plaintiff relied upon waiver and estoppel; the ground being that defendant received and considered his claim or its merits, when he filed it, on October 1, 1914, and refused it on the ground that there was no negligence in handling the shipment, and did not invoke the time limit of the stipulation, until it was set up in the answer.

The trial Court (the Civil and Criminal Court of Charleston) refused defendant's motion for a directed verdict and

submitted the issue of waiver to the jury.   From verdict
and judgment for plaintiff, defendant appealed to the Cir-
cuit Court, which reversed the judgment, holding that the
verdict should have been directed for defendant.

Plaintiff brings the case here on appeal, and asks for
reversal on four grounds: "(1) It was right for the
trial Court to send the issue of waiver to the jury."
That ground is settled against appellant by the case
of *Dean v. Railway,* 107 S. C. 25, 91 S. E. 1042.

"(2) The stipulation was matter of defense, and the bur-
den was on defendant to prove that due notice of the
claim was not given to the agent of the Pennsylvania
Railroad Company, the delivering carrier, at the
point of destination within the time specified."

If so, that burden was assumed and met.   On cross-
examination plaintiff was asked: "Did you give them
(referring to the Pennsylvania Railroad Company) any
notice of your claim?   Answer: No."

But plaintiff's counsel argue that the commission mer-
chants might have given the notice.   If they had, they
would have done so as plaintiff's agents, and in that event
plaintiff would not have answered the question in the nega-
tive.   At any rate, plaintiff's answer warranted the finding
that the require notice was not given.

"(3) That it should be presumed from the cir-
cumstances that the notice was given."

We know of no law that raises such a presumption; and
the evidence does not raise it, but refutes it.

"(4) That the stipulation is unreasonable, because on
account of the distance between the points of origin
and destination of the shipment, ten days is insuffi-
cient time for the shipper to be informed of the dam-
age, and file his claim therefor."

The time is not unreasonable.   The notice was to have
been given at the point of destination, not at the point of
origin.   The shipper could have given it by his agents at

point of destination, and there was no necessity for them to communicate with him. They knew of the damage when the beans were delivered to them. Their knowledge is imputed to the shipper. No form of notice is required; nothing more than that it shall be in writing, and to the effect that a claim is or will be made for the loss or damage. That gives the carrier timely opportunity to investigate the cause and extent of loss or damage, and, when more than one carrier has handled the shipment, to determine, as among themselves, which is liable. That is what the carrier contracted for.

Much less time has been held to be reasonable, when the nature of the shipment affords opportunity for the perpertation of fraud on the carrier, as in shipments of live stock. Here the shipment was a highly perishable product, and the carrier was entitled, by the terms of his contract, to prompt notice of the damage fo the reasons stated.

Judgment affirmed.