# CHARLESTON.

COPENHAVER & MASSEY MILLING CO. V. KANAWHA
& WEST VIRGINIA RAILROAD

Submitted October 2, 1917.  Decided October 9, 1917.

1. CARRIERS—*Carriage of Goods—Liability of Connecting Carrier.*
   A connecting carrier is liable only for such damage or injury
   to a shipment of goods as is attributable to its own negligence or
   wrongful acts.  (p. 75).

2. SAME—*Carriage of Goods—Action for Damages—Evidence.*
   Where, in an action for such damage or injury, plaintiff's testi-
   mony shows that the impairment of the shipment occurred while
   the goods remained upon the lines or in the custody of a preceding
   carrier, and before their delivery to defendant, such evidence on
   motion should be excluded and a verdict directed for the de-
   fendant.  (p. 75).

Error to Circuit Court, Kanawha County.

Action by Copenhaver & Massey Milling Company against
Kanawha & West Virginia Railroad Company.  Judgment
for plaintiff, and defendant brings error.

*Reversed, verdict set aside, and case remanded.*

*Chilton, MacCorkle & Chilton,* for plaintiff in error.

*R. E. Hughes,* and *M. M. Robertson,* for defendant in error.

LYNCH, PRESIDENT:

To the plaintiffs as purchasers the Morral Lumber & Ele-
vator Company, the seller, shipped a car-load of unshelled
corn November 22, 1913, from Morral, Ohio, destined for
Elkview, a station on the railroad of the defendant, Kanawha
& West Virginia Railway Company.  The initial carrier was
the Hocking Valley Railway Company, which delivered the
shipment to the Kanawha & Michigan Railway Company,
and it to the defendant carrier at Charleston November 27th,
and the latter to plaintiffs at Coopers, West Virginia, on the
morning of the 28th, the change in the destination being at
their instance and request.

This action they brought before a justice of the peace of

Kanawha county to recover damages alleged to have resulted from defects in the roof of the car containing the shipment, whereby, having become wet while in transit from leakage due to the fall rains, the corn spoiled and molded, and therefore became unfit to serve the purposes for which they had purchased it. The case reached this court, upon the petition of the defendant, through the intermediate and circuit courts of Kanawha county, it having been submitted to a jury solely upon the testimony of the plaintiffs, which the trial court refused to exclude on motion of the defendant timely made, and, having denied a request for two instructions and a motion for a new trial, entered judgment on the verdict in favor of the plaintiffs, to each of which rulings exceptions were duly taken.

There appears not to have been any delinquency or dereliction on the part of the defendant in the selection of the car in which the corn was shipped, or delay in its transportation from Charleston to Coopers, or in failing to inspect the car or observe any defect in it, at any time after it was delivered to the defendant. It did not own the car, did not select it, did not load it, and was not in anywise negligent in hauling it to the designated destination. Nowhere is there any imputation of negligent conduct that tends in any appreciable degree to fix liability upon defendant for the damages sought by this action. Indeed, the testimony of the plaintiffs shows clearly prompt transportation of the corn and the delivery thereof to them after the shipment was received by the defendant. It shows more than that, by way of exoneration from liability. The plaintiff Massey admits that the corn, when received at Coopers, "looked like it had been wet for some days. * * It looked like it might have been wet for five or six days. It had begun to mold some. It had been wet more than one or two days. * * It could not get damaged in twenty-four hours to the extent it was." These admissions obviously relate to the condition of the corn immediately after it came into the possession of the consignees, which delivery occurred after the lapse of much less than twenty-four hours from the time the car was received by the defendant at Charleston.

Whoever may have been in default in failing to protect the shipment from the inclemency of the weather while in transit, it can not reasonably be said, in the light of these frank statements, that defendant is bound legally to respond for any injury due to such failure, for which it is in nowise responsible. It is liable only for such damage or injury as was due to its own negligence, of which there is not the slightest proof. If the damage occurred while the grain was in transit from Morral to Charleston, no rule of law binds the defendant to render compensation for the negligent impairment of a shipment before it entered upon the lines of the defendant. That it did so occur prior to the time of such delivery the evidence makes clear beyond doubt. For, to repeat, Massey said the corn "looked like it might have been wet for five or six days. It had been wet more than one or two days". Besides, there is nothing in the record to show any apparent defect in the car containing the corn, or that would warrant the conclusion that the defendant in the exercise of due diligence ought to have discovered any defect in it, or to have done anything it did not do to repair the defect, or that would have justified it in refusing to accept the car for further transportation.

This interpretation and construction of the evidence tends irresistibly to the conclusion that the trial court erred in refusing to exclude the testimony, in failing to give the instructions requested, and in overruling defendant's motions. For these reasons, we reverse the judgment, set aside the verdict, and award defendant a new trial.

*Reversed, verdict set aside, and case remanded.*