# CHARLESTON.

HUBBARD GROCERY CO. *v.* JOHN BARTON PAYNE, DIRECTOR
GENERAL OF RAILROADS.

Submitted February 20, 1923.   Decided June 12, 1923.

1. CARRIERS—*Plaintiff Should Allege and Prove Notice to Carrier of Claim for Loss Under Shipping Contract, as Required by Standard Interstate Bill of Lading.*

   In an action on contract by a shipper against a common carrier for loss or damage to an interstate shipment, (except where the loss, damage or injury complained of is due to delay or damage while being loaded or unloaded, or damage in transit by carelessness or negligence), the plaintiff should allege and prove the giving of notice to the carrier of such claim, as required by the standard interstate bill of lading, whether the declaration declares specially on the bill of lading or merely avers the defendant's undertaking and the breach of it in general terms. (p. 277).

2. SAME—*Parties Cannot Waive Terms of Interstate Bill of Lading Contract.*

   The parties cannot waive the terms of the interstate bill of lading contract, nor can the carrier by its conduct give the

shipper the right to ignore these terms and hold the carrier to a different responsibility from that fixed thereby.   (p. 276).

Certified from Circuit Court, Kanawha County.

Action by Hubbard Grocery Company against John Barton Payne, Director General of Railroads.   Certified on the order of the circuit court, overruling the demurrer of dedenfant to the declaration.

*Reversed.*

*Lively & Stambaugh,*, for plaintiff
*Conley & Johnson,* for defendant.

LITZ, JUDGE:

The plaintiff sues in assumpsit for loss of goods alleged to have been shipped from Philadelphia to Charleston, and in its declaration, without declaring specially on the bill of lading contract, alleges that the defendant, as a common carrier for reward, undertook to transport certain merchandise for the plaintiff from Philadelphia, Pennsylvania, to Charleston, West Virginia, and safely deliver the same to plaintiff at the point of destination, but that by reason of careless, improper and negligent conduct of the defendant, through its servants, said merchandise was wholly lost to the plaintiff.

The case is certified to this Court on the order of the circuit court overruling the demurrer of defendant to the declaration.   The defendant assigns as ground of the demurrer absence of allegation that notice in writing of the loss had been given to defendant within six months after a reasonable time for delivery of the property, as provided for in section three of the standard and uniform interstate bill of lading.

The declaration follows the form prescribed in Hogg's Pleading and Forms for action in assumpsit against a common carrier for loss of goods, by declaring generally on contract without reference to bill of lading.

Section 3 of the standard and uniform interstate bill of lading requires:

> "Except where the loss, damage, or injury complained of is due to delay or damage while being

loaded or unloaded, or damaged in transit by care-
lessness or negligence, *as conditions precedent to re-
covery,* claims must be made in writing to the
originating or delivering carrier within six months
after delivery of the property (or in case of export
traffic, within nine months after delivery at port of
export), or, in case of failure to make delivery, then
within six months (or nine months in case of export
traffic), after a reasonable time for delivery has
elapsed; and suits for loss, damage, or delay shall be
instituted only within two years and one day, after
delivery of the property, or, in case of failure to
make delivery, then within two years and one day
after a reasonable time for delivery has elapsed.''

The necessity of alleging compliance by the plaintiff with
such provision should depend upon its duty to prove this
fact as a condition precedent to the right of recovery. The
courts, however, do not agree on the latter question. Some
require proof of such notice as part of plaintiff's case, while
others regard the provision for notice merely as a basis of
defense to be established by the defendant. But by the
weight of legal authority, we believe the burden is cast upon
the plaintiff.

''Where the contract of shipment provides that the ship-
per shall give notice of claim for loss or injury within a
designated time, the burden of showing compliance with this
requirement, or waiver thereof, or excuse for failure to com-
ply, rests on the plaintiff in those jurisdictions where such
compliance is considered a condition precedent to the right
of recovery; and it has been held that this is so, although
plaintiff did not sue on a written contract, but alleged a con-
tract in general terms and the carrier set up the contract
in the answer.'' 10 C. J. 373.

''While the burden is on the carrier to show the reason-
ableness of a stipulation requiring notice of a claim for dam-
ages to be presented within a prescribed time, the weight of
authority is that the burden is on the shipper to show that
he has complied with such a stipulation, and this is especially
true if the stipulation as to the giving of notice is made a
condition precedent to the suit.'' 4 R. C. L. 922.

It should be understood that in determining the questions under consideration we should look not alone to the force of the contract of shipment upon its face, but must also remember that this contract is subject to the Carmack Amendment to the Hepburn Act of Congress, which vests in the Interstate Commerce Commission exclusive jurisdiction over matters pertaining to interstate shipments, with a view of establishing fixed and uniform regulations regarding such shipments. To this end it is held:

(1) Where the carrier has failed to issue to the shipper a bill of lading the contract set out in the standard bill of lading prescribed by the Interstate Commerce Commission will be implied as the agreement between the parties. The law was intended to operate in all cases where a carrier receives goods under an agreement, oral or written, for their transportation to another State. *Adams Express Co.* v. *Croninger,* 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257; *W. H. Aton Piano Co.* v. *Chicago, etc. R. Co.,* 152 Wis. 156, 139 N. W. 743.

(2) The parties cannot waive the terms of the bill of lading contract nor can the carrier by its conduct give the shipper the right to ignore these terms and hold the carrier to a different responsibility from that fixed thereby. *Chicago & Alt. R. R.* v. *Kirby,* 225 U. S. 155, 166; *Kansas City Sou. Ry. Co.* v. *Carl,* 227 U. S. 639; *A. T. & S. F. Ry.* v. *Robinson,* 233 U. S. 173, 181; *Tex. & Pac. Ry. Co.* v. *Leatherwood,* 250 U. S. 478; *Ga. Fla. & Ala. Ry Co.* v. *Blish Milling Co.,* 241 U. S. 190, 197; *Bronstein* v. *Payne, Director General of Railroads,* (Md.) 113 Atl. 648; *Wm. F. Mosser Co.* v. *Payne, Director General of Railroads,* 92 W. Va. 41, 114 S. E. 365.

As stated by Justice Hughes in the case of *Ga. Fla. & Ala. Ry. Co.* v. *Blish Co., supra,* "A different view would antagonize the plain policy of the act and open the door to the very abuse at which the act was aimed".

(3) The question of proper construction of the bill of lading of an interstate shipment is one determinable exclusively by the Federal legislation and decisions. *Ga. Fla. &*

*Ala. Ry. Co.* v. *Blish Co., supra, and cases therein cited; Kahn* v. *American Ry. Exp. Co.,* 88 W. Va. 17, 106 S. E. 126.

Corpus Juris (Vol. 10, p. 364), in stating that the weight of authority requires the plaintiff to allege the giving of notice prescribed in the bill of lading, cites, as authority among State decisions, *Williamsport Hardwood Lumber Company* v. *Baltimore etc. R. Co.,* 71 W. Va., 741, 77 S. E. 333, where the declaration, as here, declared generally on contract without referring to the bill of lading. Although not definitely made a point in the syllabus, it is clearly held in the opinion of the case that the declaration must allege the giving of such notice. Discussing the stipulation requiring notice, the Court says: "It is fair and just to the carrier, and works no hardship on the shipper. Compliance with its requirements benefits both. It affords reasonable notice to the former, admonishing it of liability which it may avoid by finding and delivering the lost goods, or by adjusting the loss with the owner without litigation".

In *McCormick* v. *Express Co.,* 81 W. Va. 87, involving a declaration also similar in form to the one before us, a demurrer on the ground that it should have declared specially on the bill of lading contract was disposed of as follows: "The demurrer to the declaration was properly overruled. It is not necessary to declare specially on the receipt or bill of lading; the averment of the defendant's undertaking and the breach of it, in general terms, is sufficient". The syllabus, however, makes no record of this ruling, nor is anything said in the case regarding the absence of allegation that required notice of claim for loss had been given the carrier.

It is our opinion that plaintiff should allege and prove the making of claim in writing to the carrier as required by the bill of lading, in view of the purposes of the law: (a) to give the carrier unmistakable notice of loss and claim for damages in order to facilitate prompt investigation which may lead to the finding and delivery of the lost goods or adjustment of the loss, and (b) guarantee uniform enforcement of the stipulation against all shippers without oppor-

tunity to the carrier to discriminate in favor of some by waiver or otherwise.

We also think that the United States Supreme Court, by whose decision in the premises all other courts in this country are bound, has in effect at least passed upon this question in holding that,

"Where the bill of lading of an interstate shipment requires notice of claim for misdelivery, such notice must be given before action can be brought against the terminal carrier making the mis-delivery complained of." *G. F. & A. Ry. Co.* v. *Blish Milling Co., supra.*

If the enforcement of the law depended upon the action or "conduct" of the carrier in waiving or setting up as a defense this stipulation, according to its desire in the particular case, then, in the language of Justice Hughes, "the door to the very abuse at which the Act is aimed" would be opened.

We conclude, therefore, that the circuit court should have sustained the demurrer, with leave to the plaintiff to amend its declaration.

*Reversed.*