#### INGRAM v. DAVIS, AGENT

(131 S. E., 677)

.APPEAL AND ERROR—EXCLUDING EVIDENCE THAT NOTICE OF CLAIM WAS NOT GIVEN BECAUSE NOT PLEADED HELD HARMLESS WHERE PROVISION WAS INVALID (CARMACK AMENDMENT, ACT JUNE 29, 1906, § 7, PARS. 11, 12 [U. S. COMP. ST., §§ 8604A, 8604AA]).—In action to recover value of mule shipped, exclusion of evidence that plaintiff had not given notice before removing mule as required under bill of lading, on ground that such failure had not been pleaded, *held* harmless, since provision in bill of lading was invalid under Carmack Amendment (U. S. Comp. St. §§ 8604a, 8604aa) as prescribing shorter period than 90 days for giving notice of claim.

Before SEASE, J., Chesterfield, April, 1925.    Affirmed.

Action by T. L. Ingram against James C. Davis, Agent, etc. From a judgment for plaintiff, defendant appeals.

*Messrs. Pegues & Murray,* for appellant, cite: *Rights of shipper and carrier of interstate shipment governed by Federal law:* 122 S. C., 528; 115 S. E., 899; 186 N. C., 86; 118 S. E., 885. *Bill of lading is contract between shipper and carrier; provisions not waivable:* 107 S. C., 25; 91 S. E., 1042; 120 S. E., 35; 119 S. E., 905; 118 S. E., 152; 186 N. C., 86; 118 S. E., 885. *Requirement in bill of lading that claims be filed within limited time condition precedent to recovery:* 108 S. C., 89; 93 S. E., 387; 69 S. C., 300; 48 S. E., 259; 120 S. E., 35; 118 S. E., 152.

*Messrs. R. E. Hanna* and *George K. Laney,* for respondent, cite: *Written notice of claim for loss of freight not necessary:* 38 U. S. Stat. at Large, 1196, Chap. 176; U. S. Comp. Stat. 1916, Sec. 8604A. *After due notice of motion allowance of supplemental defense discretionary with trial Court:* 60 S. C., 135; 49 S. C., 513; 14 S. C., 435.

February 12, 1926.

The opinion of the Court was delivered by MR. JUSTICE .COTHRAN.

The "case" contains the following statement:

"Action brought June 28, 1919, to recover value of a mule not delivered in a shipment of 20 mules and 5 horses, shipped by appellant from East St. Louis, Ill., and delivered at Cheraw, S. C., with one mule short. The defendant answered, setting up a general denial, and denying ever having received the mule missing from the shipment.

"The case first came on for trial before his Honor, Judge S. W. G. Shipp, and a jury at Chesterfield, December 5, 1922. Upon notice duly served, defendant moved on the call of the case to strike out those parts of the complaint alleging substantially that the agent of the Atlantic Coast Line Railroad Company at Cheraw promised or guaranteed the payment of the claim filed by plaintiff. His Honor, Judge Shipp, struck out these allegations of the complaint, holding that they were evidentiary. The jury rendered a verdict for plaintiff for the sum of $307.16. Motion was duly made for a new trial, and said motion was granted by Judge Shipp. Notice of intention to appeal to the Supreme Court from the order of Judge Shipp granting a new trial was served by plaintiff, but said appeal was subsequently abandoned.

"The case next came on for trial before Judge R. W. Memminger and a jury at Chesterfield on April 21, 1924. At the trial defendant offered in writing to allow judgment to be taken against him for the sum of $1.56 freight charges on said missing mule from Augusta, Ga., to Cheraw, S. C.; and the sum of 50 cents feeding charges for said mule, and the sum of $5.00 charged by a veterinarian at Augusta. This offer of judgment was refused.

"At the close of all the testimony, his Honor, Judge Memminger, held that there was no issue for the jury, and directed a verdict for plaintiff for the sum of $7.06, the

amount admitted due. From directed verdict in his favor, plaintiff appealed to the Supreme Court. See *Ingram v. Davis, Agent,* 125 S. E., 920; 131 S. C., 326.

"On appeal the judgment of the Circuit Court was reversed, and the case sent back for a new trial.

"The case was next tried before his Honor, Judge T. S. Sease, and a jury at Chesterfield, April 7, 1925. Defendant again offered in writing to allow judgment to be taken against him for the sum of $7.06, which was the same as the offer made at the former trial. This offer was again refused.

"At the close of all the testimony defendant moved for a directed verdict in his favor as to the value of the missing mule. The motion for a directed verdict was refused by the presiding Judge.

"The jury brought in a verdict for plaintiff for the sum of $307.16, the full amount sued for.

"Defendant duly made a motion for a new trial, which motion was refused by his Honor, Judge Sease, and defendant appeals to the Supreme Court."

The bill of lading contained the following provision:

"As a condition precedent to the shipper's right to recover any damages for loss or injury to said animals, he will give notice in writing of his claim thereof to the agent of the railroad or other carrier from whom he received said animals, before said animals are removed from the place of destination above mentioned, or from the place of delivery of same to said shipper, and before said animals are mingled with other animals."

Upon the trial of the case before Judge Sease, the defendant offered to prove that the plaintiff had not given the notice required under the foregoing clause in the bill of lading. Upon objection his Honor, the presiding Judge, excluded evidence along this line upon the ground that the defendant had not set up in its answer, as a defense, that the required notice was not given. As a matter of fact this

defense was not set up in the answer. The main contention of the appellant is that the presiding Judge erred in excluding the evidence for the reason stated.

We are inclined to agree with the appellant upon this point. See *Kristianson v. Express Co.,* 115 S. E., 899; 122 S. C., 528. *Rogers v. R. Co.,* 118 S. E., 885; 186 N. C., 86. *Spartan Mills v. Davis,* 119 S. E., 905; 126 S. C., 312. *Hubbard v. Payne,* 118 S. E., 152; 94 W. Va., 273. *Railroad Co. v. Harrell,* 120 S. E., 35; 31 Ga. App., 126. *Dean v. R. Co.,* 91 S. E., 1042; 107 S. C., 25. *Murray v R. Co.,* 93 S. E., 387; 108 S. C., 89. *Griffith v. Newell,* 48 S. E., 259; 69 S. C., 300. But, if it should appear that the provision in the bill of lading is in conflict with the Carmack Amendment (U. S. Comp. St., §§ 8604a, 8604aa) and is invalid, the error was entirely harmless. That amendment is set out in *Diamond v. Express Co.,* 128 S. E., 417; 131 S. C., 450, and provides that a contract prescribing a shorter period than 90 days for the giving of notice of a claim is unlawful. The provision in the bill of lading certainly is for such shorter period. See *R. Co. v. Baldwin* (Tex. Civ. App.), 270 S. W., 1089. *R. Co. v. Martindale,* 213 S. W., 777; 139 Ark., 143. *Hunt v. Hines,* 223 S W., 798; 204 Mo. App., 318.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MR. JUSTICE MARION and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.

MR. CHIEF JUSTICE GARY did not participate.