# CHARLESTON.

A. C. LYON *v.* NORFOLK & WESTERN RAILWAY COMPANY

(No. 5779)

Submitted January 25, 1927.  Decided February 1, 1927.

CARRIERS—*In Suit for Damage in Transit, Carrier's Negligence Relied on Must Occasion Damage; in Action for Damage in Transit, There Must be Casual Connection Between Carrier's Negligence Proved and Damage Claimed; in Action for Damage to Fruit Becoming Hot and Damp in Transit, Evidence That Defendant Left Ventilators Open While Temperature Was Below 32 Degrees Held Insufficient to Support Finding for Plaintiff.*

In a suit by a consignee of perishable goods against the carrier for damage to the goods in transit, by reason of negligence alleged against the carrier, it must appear that the negligence relied upon occasioned the damage before recovery can be had.  There must be a casual connection between the negligence proved and the damage claimed..

Carriers, 10 C. J. §§ 163, 600.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, McDowell County.

Action by A. C. Lyon against the Norfolk & Western Railway Company brought before a justice of the peace.  From a judgment for plaintiff, defendant appealed to the circuit

court, which rendered judgment for plaintiff, and defendant brings error.

*Judgment reversed; verdict set aside; new trial awarded.*

*F. M. Rivinus,* and *Strother, Sale, Curd & Tucker,* for plaintiff in error.

*Samuel Solins* and *J. Hoagland French,* for defendant in error.

WOODS, JUDGE:

Plaintiff, a fruit dealer in Welch, West Virginia, purchased a car-load of oranges, grape fruits and tangerines, from a fruit grower in Florida. The fruit was loaded in bulk at Huntington, Florida, a non-agent point, and a bill of lading issued at Crescent City, Florida, on February 7, 1925, specifying, on shipper's request, that the car was to travel under "standard ventilation" regulations.

This action was brought against the delivering line before a justice of McDowell county to recover for damages to said shipment of fruit while in transit. Judgment was rendered for $131.93, and from this judgment defendant appealed to the circuit court, where judgment was likewise rendered against it for $131.93.

The plaintiff, in the circuit court, showed by depositions on his behalf that the fruit was in good order when loaded, and by his own and other testimony that the same was in a damaged condition on arrival at Welch: that the fruit was hot and damp; and that his damage was $131.93. The defendant company then introduced in evidence a copy of the tariff, filed with the Interstate Commerce Commission, showing standard ventilation regulations to be: "Close all vents when outside temperature falls to 32 degrees above zero. Open all vents when outside temperature rises above 32 degrees above zero." Witnesses were then introduced showing that inspections were made at Savannah, Ga., Rocky Mount, N. C., Petersburg, Va., Crew, Va., and Roanoke, Va., and that at each of said inspection points the vents were found open and were left open, the temperature being above 58° in all instances; that the temperature from Roanoke to Bluefield, W. Va. (101 miles)

dropped from 58° to 18°, and at the latter point the vents on the car, per "standard ventilation" regulations, were closed by the car inspector; that the temperature remained below freezing up until the time the car arrived in Welch, vents closed, when the temperature (the time being around noon, February 12) was 32°. No evidence of freezing was shown by the inspection at Welch. Plaintiff stated that the fruit was so warm that, in some instances, it was uncomfortable to the hand; that it was covered with moisture; that a great deal of it was spoiled.

The rule is well settled that, if goods are delivered to a carrier in good condition and arrive at their destination in a damaged condition, a *prima facie* case of liability is made out, and the carrier is then called on to prove that the damage did not arise from its negligence. This rule cannot be invoked, however, until the shipper proves both delivery to the carrier in good condition and delivery by the carrier in a damaged condition. *Lower* v. *Minneapolis, etc., R. Co.*, 132 Minn. 173; *Fockens* v. *U. S. Exp. Co.*, 99 Minn. 404. While this is true the plaintiff is required to give notice of damage required by the bill of lading (six months in the instant case), unless he can bring himself with the proviso of the Cummins Amendment of March 4, 1915, to the Interstate Commerce Act (38 Stat. at L. 1197, Chap. 176; Comp. Stat. § 8604; § 20 K, 4 Fed. Stat. Anno. 2d. ed. p. 506), "that if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded, or damage while being loaded or unloaded, or damaged in transit by carelessness *or negligence,* then no notice of claim nor filing of claim shall be required as a condition precedent to recovery." In the case of *Grocery Co.* v. *Payne, Dir. Gen.*, 94 W. Va. 273, this court held that the plaintiff should prove the giving of notice to the carrier, with certain exceptions set out in the Cummins Amendment, supra. So, the plaintiff, in order to make a *prima facie* case must go farther and prove some acts of negligence whereby the injury was caused. *C. & O. Ry. Co.* v. *Thompson Mfg. Co.*, 70 L. ed. 364. What act of negligence of the carrier is shown? The plaintiff relies upon the "note" following the quoted provision of the "standard ventilation" regulations of the

Interstate Commerce Commission providing that: "Cars arriving at division or terminal points with ventilators open and hatch plugs out at a minimum temperature of 28°, or with ventilators closed and hatch plugs in at a maximum temperature of 42°, will be considered as having been safely and properly handled in transit, but ventilators and plugs must be properly adjusted upon arrival and readjusted before leaving (if necessary) in accordance with above instructions." It will be seen that the temperature upon leaving Roanoke was 58°, and upon the train's arrival at Bluefield had dropped to 18°. It is admitted that the ventilators were closed after arrival in Bluefield. The ventilators remained closed until the arrival of the car at its destination—Welch. The temperature at Welch at time of arrival was 32°. It was shown by various inspectors of the Atlantic Coast Line (from Savannah to Petersburg) that the ventilators were open at all times as required by the "standard ventilation" regulations—the type of transportation selected by the shipper. The only act of negligence, if such it was, laid at the door of the carrier, is, that somewhere between Roanoke and Bluefield that the temperature had fallen below 28° and the ventilators were not closed until the latter point was reached. Did such alleged negligent act cause the injury of which plaintiff complains? The plaintiff, who has been in the fruit business for a number of years testified that in his opinion the damage to the fruit was caused by heat and not cold. The uncontradicted testimony was to the effect that the fruit gave absolutely no evidence of having been frozen. This being so, in what way could the defendant's alleged negligent act have caused the damage to the fruit? The only act of negligence claimed, as we have seen, was leaving the ventilators open before inspection at Bluefield while the temperature was below 28°. Such act might have weight if the fruit had been frozen. Only nine hours run intervened between Bluefield and Welch while the ventilators were closed. The uncontradicted evidence is that the damaged fruit was scattered throughout the entire shipment. Had freezing occasioned the injury, the oranges, etc., being shipped in bulk, such injury would naturally be confined to exposed portions of such shipment. Had they been frozen at Blue-

field the fruit would have shown some evidence of the fact. But according to the testimony offered there was no evidence of such freezing. The temperature was below freezing all this time. Again we say, the failure of the plaintiff to show notice places upon him the burden of proving negligence and that such negligence occasioned the injury. *C. & O. Ry. Co.* v. *Thompson Mfg. Co., supra.* Under such state of facts, can we say the jury was warranted in finding that this act of negligence as claimed by the plaintiff produced the injury? We think not. Then if the loss was caused by the negligence of any railroad over which the shipment came, it was not shown to have been occasioned by the negligence of the defendant. *Copenhaver, etc., Co.* v. *Kanawha & W. Va. R. Co.,* 81 W. Va. 73.

We therefore reverse the judgment of the circuit court, set aside the verdict of the jury and grant the defendant a new trial.

*Judgment reversed; verdict set aside; new trial awarded.*