(No. 10970.—Reversed and remanded.)

F. C. PENNINGTON, Appellant, *vs.* THE GRAND TRUNK
WESTERN RAILWAY COMPANY, Appellee.

*Opinion filed February 21, 1917.*

1. CARRIERS—*the Carmack amendment to the Inter-State Com-
merce act does not relieve any connecting carrier from liability for
its own negligence.* The Carmack amendment to the Inter-State
Commerce act makes the initial carrier liable for its own negli-
gence or the negligence of any connecting carrier, but every car-
rier connected with an inter-State shipment is still liable for its
own negligence in an action brought under the law in existence
prior to the amendment, and in such action the plaintiff must al-
lege and prove that the damage to his shipment was caused by the
negligence of the defendant. (*Looney* v. *Oregon Short Line Rail-
road Co.* 271 Ill. 538, distinguished.)

2. SAME—*Carmack amendment to Inter-State Commerce act re-
serves no rights to the shipper under State law differing from Fed-
eral law.* The right or remedy reserved in the Carmack amend-
ment to the Inter-State Commerce act is such as the shipper may
have had under existing Federal law at the time of his action, but
no right or remedy under the State law differing from the Fed-
eral law is by that act reserved to the shipper.

3. SAME—*what proposition of law is not applicable where suit
against a connecting carrier is not under the Carmack amendment.*
A proposition of law that under the Carmack amendment to the
Inter-State Commerce act the remedy of a shipper for damage to
property delivered to an initial carrier, which issues a through bill
of lading, is against the initial carrier, alone, and not against the
connecting carrier, is not applicable and is properly refused, where
the action is not under the Carmack amendment but is a suit un-
der the prior existing law against the connecting carrier for dam-
ages due to its own negligence.

4. APPEALS AND ERRORS—*when the Appellate Court may reverse
without remanding.* The Appellate Court may reverse without re-
manding where it finds the facts in controversy different from the

finding of the trial court and recites the ultimate facts so found in its judgment or where it reverses for errors of law which cannot be obviated or cured on another trial.

5. SAME—*Supreme Court cannot pass upon merits of a case before they have been passed upon by Appellate Court.* The Supreme Court cannot pass upon the merits of a case against a common carrier for negligence where the Appellate Court has decided, upon a proposition of law not applicable to the case, that there is no right of action, but the judgment of the Appellate Court will be reversed and the cause remanded to said court for further consideration.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding.

WALTER H. ECKERT, for appellant.

LOYAL L. SMITH, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

This appeal was taken for a review of the judgment of the Appellate Court for the First District reversing a judgment of the municipal court of Chicago in favor of appellant, F. C. Pennington, for the use of I. V. Edgerton, and against the Grand Trunk Western Railway Company, appellee, for the sum of $424.95. Appellant's amended statement of claim sets up two causes of action: (1) The violation by appellee of an oral agreement to ship a car of poultry, No. 739, from Imlay City, Michigan, on its train No. 90, on September 12, 1909, whereby it failed to deliver the car in time for the New York market, so that the produce might be sold before the Jewish holidays began in that month; (2) for damages sustained by reason of appellee's careless and negligent failure to transport said car of poultry from Imlay City to destination within the time usually and ordinarily required for like shipments, whereby appellant was deprived of a sale for which the car was shipped

and was compelled to hold the same until the next market day. An itemized statement of loss accompanied the statement of claim, as follows: $37.50 for extra feed; $30 for extra time and expense of the man in charge; $129.15 for shrinkage of poultry; $208.98 for decline in market on hens; $18.32 decline on "springs," and $1 for demurrage on car. Appellee set forth in its affidavit of defense that it had a good defense upon the merits to the whole of appellant's demand; that it did not agree to transport the said car of poultry and did not carelessly or negligently fail to transport said car within the time usually and ordinarily required for like shipments, as alleged in the statement of claim, and that said damages, if any, are not chargeable in any way to appellee. Upon the issues thus joined the municipal court found against appellee and rendered judgment for appellant. The Appellate Court reversed the judgment of the municipal court and granted a certificate of importance, and the appeal to this court was perfected.

The evidence discloses that the shipment in question originated at Mt. Pleasant, Michigan, on the line of the Ann Arbor Railroad Company, the initial carrier, and that it issued its through bill of lading to New York City. The Ann Arbor Railroad Company hauled the shipment to Imlay City, Michigan, and there delivered it to appellee, and appellee transported it to Black Rock, New York, where it delivered it to the Delaware, Lackawanna and Western Railway Company, which transported it to destination.

The Appellate Court reversed the judgment solely on the ground that under the Carmack amendment to the Inter-State Commerce act the initial carrier, only, is liable, and that the Ann Arbor Railroad Company was the initial carrier. In its opinion it holds that the lower court erred in refusing the proposition of law submitted to it by appellee, that under the Carmack amendment the remedy of a shipper for damage to property delivered to an initial carrier which issues a through bill of lading is against the initial

carrier, alone, and not against the connecting carrier. The closing paragraph of the Appellate Court's opinion reads as follows: "Other matters of defense are presented to us, some of which are not without merit, but in view of what we have heretofore said it is unnecessary to discuss them. We hold that the decision in *Looney* v. *Oregon Short Line Railroad Co.* 271 Ill. 538, is decisive against the claim of the plaintiff and there can be no recovery against this defendant. Therefore the judgment is reversed without remanding."

It is made clear by the opinion of the Appellate Court that its holding, in substance, is, that by reason of the Carmack amendment no suit can be maintained against a connecting carrier in an inter-State shipment,—*i. e.*, that no such suit can be maintained against any carrier in an inter-State shipment for damage by reason of its own negligence unless that carrier happens to be the initial carrier. This is clearly not the law. It is true that the Carmack amendment makes the initial carrier liable to the lawful holder of the bill of lading for any loss, damage or injury to property caused by it or by any common carrier, railroad or transportation company to which such property may be delivered or over whose lines such property may pass. It is also true that under that amendment no other connecting carrier is made liable for such loss or injury caused by any other carrier connected with the shipment or transportation. However, every carrier connected with an inter-State shipment is liable for damage or loss to the property so received or transported, caused by its own negligence. The Carmack amendment expressly reserves to the shipper such a right of action by this proviso: *"Provided further,* that nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under the existing law." Where the suit is against a connecting carrier and not against the initial carrier of an inter-State shipment, it is incumbent upon the plaintiff to allege

and prove that the loss and damage to his shipment were caused by the negligence of the defendant according to the law in existence prior to the enactment of the Carmack amendment. The right or remedy reserved in the Carmack amendment is such right or remedy as he may have had under existing Federal law at the time of his action, but no right or remedy under the State law differing from the Federal law is by that act reserved to the shipper. *Adams Express Co.* v. *Croninger*, 226 U. S. 491; 33 Sup. Ct. Rep. 148.

The contention of the appellant is that this suit is not brought under the Carmack amendment, and that he has alleged and proved his right of recovery against appellee as a connecting carrier by alleging and proving that his damages were caused by the negligence of appellee. His statement of claim is clearly based upon loss and damage to his poultry by appellee's negligence as a connecting carrier. It was therefore immaterial whether under the Carmack amendment a suit could have been maintained against any connecting carrier other than the initial carrier that issued the bill of lading, as the suit was not under the Carmack amendment. The municipal court, therefore, properly refused said proposition of law, although correctly stated as a mere proposition of law, because not applicable to the case. The Appellate Court, in reversing the judgment, without remanding, for the alleged error of the court in refusing that proposition of law, has, in substance, held that there was no possible ground upon which appellant can maintain his suit against appellee for the alleged negligence of appellee and declined to consider the appellant's theory of the case for that reason. The Appellate Court may reverse without remanding, (1) where it finds the facts in controversy different from the finding of the trial court and recites the ultimate facts so found in its judgment; and (2) where it reverses for errors of law which cannot be obviated or cured on another trial. This court cannot properly

pass upon the merits of the case, as contended by appellant, before it has been passed upon by the Appellate Court. *Harty Bros.* v. *Polakow*, 237 Ill. 559.

Appellee is mistaken in its contention that this court held in *Looney* v. *Oregon Short Line Railroad Co. supra*, that no suit can be maintained against any carrier in an inter-State shipment, other than the initial carrier, for loss or damage to the shipment caused by its own negligence. The holding in that case is that no suit under the Carmack amendment can be maintained against any carrier of an inter-State shipment other than the initial carrier, whose duty under that amendment is to issue the bill of lading. The facts stated in that case clearly show that the suit was brought directly under the Carmack amendment against a connecting carrier, and this court merely held that the right of action given by that amendment was solely against the initial carrier. The decision in that case is entirely in harmony with the decision of the Supreme Court of the United States in the case of *Georgia, Florida and Alabama Railroad Co.* v. *Blish Milling Co.* 241 U. S. 190; 36 Sup. Ct. Rep. 541. In this latter case the court held that the terminal carrier is not relieved from liability for misdelivering an inter-State shipment by the provisions of the Carmack amendment, but also held that the bill of lading which the initial carrier, under that amendment, must issue, governs the entire transportation and fixes the obligation of all participating carriers to the extent that the terms of the bill of lading are applicable and valid. The effect of the holding is, that if in such a shipment a connecting carrier is sued, the rights and remedy of the shipper are to be determined under the Federal laws existing prior to the enactment of the Carmack amendment, but the bill of lading issued by the initial carrier is to be considered, under the provisions of the Carmack amendment, as the bill of lading of the connecting carrier, and therefore binding in all of its provisions that are valid and applicable to that suit.

For the reasons above given, the judgment of the Appellate Court is reversed and the cause remanded to that court, with directions to consider the other contentions of the parties and to enter such judgment as it may deem proper. The clerk of this court is ordered to transmit the record herein to the Appellate Court for the First District for such further consideration.

*Reversed and remanded, with directions.*