# CHARLESTON.

A. F. THOMPSON MANUFACTURING COMPANY *v.* CHESAPEAKE & OHIO RAILWAY COMPANY.

Submitted February 20, 1924.     Decided March 4, 1924.

1. CARRIERS—*Damages to Goods in Transit Presumed by Negligence of Carrier; Cummins Amendment. Held Not to Require Shipper to Prove Carrier Negligent.*

   Where goods in first class condition are delivered to a common carrier for interstate shipment and are delivered by it to the consignee in a damaged condition, the presumption of law is that the goods were damaged by the carelessness or negligence of the carrier; and the Cummins amendment to the Carmack amendment to the Interstate Commerce Act, (Barnes' Federal Code sec. 7976; U. S. Comp. Stat. sec. 8604-A), dispensing with notice and filing of claim by the shipper with the carrier for damages to the goods while in transit caused by the carrier's negligence, before suit can be maintained, does not abolish this presumption of law, and does not require the shipper to prove by positive evidence that the carrier, in fact, was negligent. (p. 672).

2. SAME—*Cummins Amendment Held Not to Require Notice and Claim for Damages to Goods.*

   The Cummins amendment above referred to does not require the shipper, as a condition precedent to maintaining his suit, to give notice of his claim and file with the carrier his claim for damages to goods in interstate shipment which have been damaged in transit by the carelessness and negligence of the carrier. (p. 674).

Error to Circuit Court, Cabell County.

Action by the A. F. Thompson Manufacturing Company against the Chesapeake & Ohio Railway Company. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Fitzpatrick, Brown & Davis* and *C. W. Strickling,* for plaintiff in error.

*Simms & Staker,* for defendant in error.

LIVELY, JUDGE:

The railway company prosecutes this writ of error to a judgment rendered against it in favor of the A. F. Thompson Manufacturing Company, in the circuit court of Cabell county, on June 6, 1923; which judgment is the result of a new trial awarded by this court, when the case was before it on a former writ. See *Thompson Mfg. Co.* v. *Ry Co.,* 93 W. Va. 3, 115 S. E. 877.

The suit is for damages occasioned by negligence to a shipment of stoves consigned by plaintiff to Richards & Conover Hardware Co, and delivered to defendant company on June 9, 1920. The bills of lading were put in evidence; and while it appears that they are old forms which were in use prior to the enactment of the Cummins amendment to the Carmack amendment to the Interstate Commerce Act (Barnes' Fed. Code, sec. 7976; U. S. Comp. Stats. sec. 8604-A), both parties agree that the contract is controlled by the Cummins amendment with reference to giving notice of and filing of claims with the railroad company, for loss of goods or damage thereto.

The stoves were made of sheet metal and about 20% of them were packed in pasteboard cartons sealed with gummed paper, and about 80% of them were wrapped in heavy paper and enclosed in ordinary open packing crates. The stoves were new, in good condition and not rusted when loaded. They were placed in first-class weather-tight box cars without delay and without loss or damage in loading, and were delivered to the consignee within a reasonable time, the box cars then being in first-class condition, and the original seals thereon unbroken. Upon being opened for unloading, the consignee discovered that seven hundred and seventy-eight of the stoves were rusted beyond commercial use. The remainder were accepted and paid for. Later, this suit was instituted for damages to the stoves which were rusted, it being charged that the damage was occasioned

by the negligence and carelessness of the carrier while in transit. Plaintiff, having proved delivery of the stoves to defendant in good condition, properly packed, and delivery to the consignee in the rusted and damaged condition above set out, rested its case. Defendant proved the first-class condition of the cars, the placing of the shipment therein and its delivery, and the arrival of the cars in good condition with the seals unbroken at their destination. No attempt was made by either party to show the cause of the damage to the stoves. The cause was sought to be determined in the former trial, but not in this trial. The jury returned a verdict for $4,264.50, on which judgment was entered. Motion for new trial was made and overruled.

While several grounds of error are assigned in the petition, the railway company relies upon the failure of plaintiff to give notice of, and file its claim within the time required by the provisions of the Cummins amendment to the Carmack amendment to the Interstate Commerce Act. It offered a peremptory instruction to find in its favor; and by its instruction No. 4 asked the court to instruct the jury that under the bills of lading the plaintiff was required, as a condition precedent to institution of suit on any claim arising under the shipment, to file a claim with either the initial or delivering carrier within four months after the date of delivery of the shipment, and that if the plaintiff failed to file such claim within the time specified, then they should find for the defendant. The court refused both of these instructions. The sole question presented is whether plaintiff was required, as a condition precedent to the institution of its suit, to give notice of and file its claim either with defendant or the delivering carrier within four months after date of delivery of the shipment.

It is argued by the railroad company that because plaintiff failed to show that the damage to the stoves in transit was occasioned by the negligence of defendant, then plaintiff could not come within the provisions of the Cummins amendment in respect to the exemption from giving notice of and filing its claim. In other words, that it was necessary for the plaintiff to allege and prove that the damage

complained of occurred in transit from the carelessness or negligence of defendant, in order to exempt itself from the requirement of giving notice of and filing claim, under the amendment to the Interstate Commerce Act. If that contention be accorded, the logical result would be that the Carmack amendment would change a well settled rule of law. It would relieve the railway company from rebutting the presumption of negligence attributable to it where a shipper proves that goods have been delivered to it for shipment in good condition and delivered to the consignee in a damaged condition. Unless the shipper had positive and direct proof that the carrier had negligently injured the goods, then he could not take the benefit of the provisions of the Cummins amendment, but would be required to give the notice of and file his claim within four months from the date of delivery. We do not think the Cummins amendment was intended to or, does change this well established rule of law; namely, that where goods are delivered to a common carrier in good condition and delivered to the consignee in a damaged condition there is a presumption that the carelessness or negligence of the carrier during the transportation caused the damage. Of course, this presumption is rebuttable. The burden is upon the carrier to show that the damage was caused by act of God, the public enemy, or by some natural infirmity or vice inherent in the goods. *B. & O. Ry. Co.* v. *Moorhead,* 5 W. Va. 293. This presumption not having been successfully rebutted or attempted to be rebutted, the logical consequence is that the damage to the stoves was occasioned by the negligence of the carrier while in transit. Such being the case, was plaintiff required to file its claim for damages either with the initial or delivering carrier, within four months after the delivery? Does the Carmack amendment relieve it from that condition precedent to the bringing of its suit? This is the vital question.

The last proviso of that amendment reads:

"Provided, however, that if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim or

filing of claim shall be required as a condition precedent to recovery.''

The railway company cites our decisions in *Kahn* v. *American Ry. Exp. Co.,* 88 W. Va. 17, 106 S. E. 126; and *Hubbard Grocery Co.* v. *Payne,* 94 W. Va. 273, 118 S E. 152, which are to the effect that where there is a total or partial loss of goods while in transit then it is the duty of the shipper to give notice and file his claim before he can maintain suit. It is argued that there is no distinction between a total or partial loss of goods while in transit, and damages to goods by the carelessness or negligence of the carrier while in transit. It is also argued that if the loss of the goods in transit requires notice and filing of claim as described in the cases above cited, then by the same reasoning notice of damage and the filing of claim for damages to a shipment resulting from the carelessness and negligence of the carrier while in transit should be given; and if not given within the time then suit could not be maintained. The language of the Carmack amendment is conclusive that where goods are ''damaged in transit by carelessness or negligence, then no notice of claim or filing of claim shall be required as a condition precedent to recovery.'' If it should be held that notice of claim and filing of claim should be given where there is a total loss or partial loss of the shipment while in transit, and also where there is damage to the goods caused by carelessness or negligence of the carrier, then the amendment would be largely emasculated. It would operate only where the loss, damage or injury was due to delay, or damage while the goods were being loaded or unloaded. Moreover, the bill of lading in the instant case provides: ''except where the loss, damage, or injury complained of is due to delay or damage while being loaded and unloaded, or damaged in transit by carelessness or negligence, as conditions precedent to recovery, claims must be made in writing to the originating or delivering carrier'' etc. (There is an omission in the bill of lading in the record; but by reference to the former record, we are able to supply it). This bill of lading is practically the same as the Cummins amendment, and while expressed somewhat differently it contains a clear-

er statement of what that amendment means. If the shipper is injured by loss or damage due to delay, or damage while the goods are being loaded, or unloaded, or if they be damaged in transit by carelessness or negligence, no notice or filing of the claim is required. Thus the Act of Congress reads. It does not say that if the loss of the goods be in transit, then no notice of or filing of claim shall be dispensed with. It is not material or pertinent to inquire what reason or distinction was in the minds of the legislators. The exemption from giving notice and filing claim is expressly confined to two classes of cases, namely, (1) where the loss, damage or injury complained of was due to delay, or damage while being loaded or unloaded; (2) where the damage in transit is occasioned by carelessness or negligence. If the loss be occasioned by negligence in loading or unloading, or negligence in transit, notice of and filing of the claim is not a condition precedent. *So. Ry. Co.* v. *Prescott*, 240 U. S. 632; 60 L. ed. 836. Why should not notice and filing of claim be dispensed with in case the goods are lost or stolen in transit? Reasons are suggested in many of the decisions. See *Deaver-Jeter Co.* v. *So. Ry. Co.*, 74 S. E. 1071; *Georgia T. & A. Ry. Co.* v. *Blish Milling Co.*, 241 U. S. 190; 60 L. ed. 948. It is enough to say that the statute dispenses with notice and filing of claims in one class of cases, and does not do so in the other class. The decisions in the Kahn case, and Hubbard Grocery Co., case do not conflict with our former holding in this case, wherein we held that plaintiff was not barred from maintaining its suit for damages to its stoves in transit caused by the negligence of defendant, because it had filed no notice or claim with the defendant or the delivering carrier within the time prescribed in the bill of lading.

We find no error, and the judgment will be affirmed.

*Affirmed.*