Hartford Live Stock Insurance Company, Appellant, v. Railway Express Agency, Inc., Appellee.

**Gen. No. 37,057.**

586

Heard in the second division of this court for the first district at the October term, 1933. Opinion filed May 1, 1934.

MYERS & SNERLY, for appellant.

CUTTING, MOORE & SIDLEY, for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

Plaintiff, Hartford Live Stock Insurance Company, filed an amended declaration consisting of three counts in its action in case against defendant, Railway Express Agency, Inc., for damages of $3,000 for injuries resulting in the death of a cow being transported from

Huntington, New York, to St. Louis, Missouri. General and special demurrers were filed which were sustained to all counts of the declaration, and plaintiff electing to abide by its declaration, the court ordered the suit dismissed and entered judgment against it for costs. This appeal followed.

Plaintiff in the first count of its declaration alleged defendant was a common carrier for hire from the point of shipment to destination; that the shipper delivered to defendant at Huntington, New York, October 3, 1930, a fine blooded, registered Jersey cow for shipment over defendant's railway, consigned to the National Dairy Show at St. Louis, Missouri; that at the time of the delivery to defendant the cow was in good, sound, normal condition; that after delivery of the animal to defendant she was under its absolute control to be safely and securely delivered at destination; that at the time of the delivery of the cow to defendant the latter required the shipper to declare the value thereof and the shipper declared same as $3,000, whereupon defendant collected from the shipper $60 as the usual customary express charge and rate, and an additional amount of $58.50 based on the declared value; that the shipment was not accompanied by a caretaker or by any agent or representative of the shipper, but while in transit was under the sole control, supervision and care of defendant; that defendant did not safely and securely transport and deliver the cow to the consignee at destination, but on the contrary, notwithstanding its duty as a common carrier to safely and securely transport, the animal was when delivered at destination in an injured condition without fault or negligence of plaintiff or the shipper; and that the cow received such injuries while in transit that it thereafter died October 10, 1930, as a direct result of same.

It was further alleged that the cow was insured under a policy of insurance issued by plaintiff to the

shipper which was in force, and which provided that upon payment of the loss thereunder and its acceptance by the shipper he thereby assigned to plaintiff and the plaintiff thereupon became subrogated to all of the shipper's rights and claim against defendant to the extent of such payment; that plaintiff, subsequent to the loss, paid the shipper $3,000, the value of the cow, and the shipper assigned to plaintiff on January 10, 1931, all his right, title and interest in and to his claim against defendant for the damage to the cow arising out of its failure to perform its duty as a common carrier toward the shipper and to transport the cow carefully and deliver the same in good condition to the consignee at destination, and that plaintiff by reason of such assignment is the actual bona fide owner of such claim for damages against defendant; and that plaintiff as assignee of the shipper has heretofore presented to defendant its written claim for damages, together with all proofs as required by law, and demanded of defendant payment thereof, which it wilfully failed and refused to make.

The second count of the amended declaration is identical with the first, except that it is grounded upon the general negligence of defendant in failing to perform the duty imposed upon it at common law to safely transport the cow.

The third count of the amended declaration is identical with the first and second counts, except that specific negligence is alleged on the part of defendant in injuring and maiming the animal while in transit and under its sole control.

Defendant's general demurrer was in the usual form and the allegations of its special demurrer were as follows:

"And the defendant shows to the court the following causes of demurrer to the said amended declaration and each count thereof, that is to say, that the plaintiff has not complied with section 32 of the Practice Act,

in that it has failed to attach to the amended declaration a copy of the instrument sued upon, to-wit, the Uniform Contract for the transportation of other than ordinary livestock, which has been filed with and approved by the Interstate Commerce Commission and which by virtue thereof has the force and effect of a statute; and also that the said amended declaration and each count thereof is in other respects uncertain, informal and insufficient, etc.''

Plaintiff contends that where a duty exists by law and a party contracts for its performance, suit may be brought either upon the contract or in case for the nonperformance of the duty imposed by law, and that where damage is sustained to livestock while being transported by a common carrier, the shipper may, regardless of the existence of a special contract, have his action on the case for damage for the negligence of the carrier in the nonperformance of the duty imposed upon it as such common carrier at common law; that the present suit not being instituted upon the contract, but being a tort action in case for the nonperformance of the duty imposed by law on defendant, a common carrier, to safely carry the animal, section 32 of the Practice Act, Cahill's St. ch. 110, ¶ 32, requiring that in a suit brought on a written instrument a copy of such written instrument be filed with the declaration, has no application; and that since the shipment was not accompanied by any representative of the shipper but was under the sole care and charge of defendant, and no one except defendant would or could have any knowledge or means of proof as to what happened in transit to cause the injuries complained of, the first count of the amended declaration alleging delivery to defendant in good condition and delivery by it at destination in an injured and damaged condition, and its failure to perform the duty imposed upon it at common law to safely carry, states a sufficient cause of action; that the second count alleging gener-

ally the negligence of defendant in failing to perform the duty imposed on it by law also states a good cause of action; and that the third count alleging specific negligence of defendant in injuring, crippling, maiming and breaking the bones of the animal while in transit and under its sole control also states a sufficient cause of action.

Defendant's theory is that under the Interstate Commerce Act, and the amendments thereto, it was required to file with the Interstate Commerce Commission a uniform livestock contract declaring the rates, tariffs and conditions for the transportation of other than ordinary livestock; that an interstate shipment of livestock could only be made upon the execution of such a uniform contract and subject to the terms thereof; that the filing of the uniform contract with and its approval by the commission gave it the force and effect of a statute; that any action against defendant must be predicated upon such contract entered into between defendant and the shipper; that, inasmuch as plaintiff failed to attach a copy of such uniform contract to its declaration pursuant to section 32 of the Practice Act, it is precluded from maintaining its action; and that the Interstate Commerce Act, including the Carmack and Cummins amendments thereto, abrogates the common law right of recovery.

Defendant concedes that at common law a shipper could elect to sue either in tort or on his contract for damage or injury to the shipment while in transit, and that the counts of the declaration in the instant case state a good common law cause of action. It must also be conceded that if plaintiff's right to bring a common law action has not been abrogated by the Interstate Commerce Act, as amended, plaintiff was not required under the law to attach a copy of the shipping contract to its declaration as provided in section 32 of the Practice Act.

While it does not appear in the record, defendant exhibits in its brief a copy of the Uniform Live Stock Contract for the Transportation of Animals other than Ordinary Live Stock, filed by it with the Interstate Commerce Commission, which states *inter alia* that "the shipper agrees that as a condition precedent to recovery hereunder for loss or injury or damage to or delay in delivery of this shipment, such loss, injury, damage or delay shall be proved by the shipper to have been caused by negligence of the carrier."

The settled rule as to the common law liability of a common carrier in connection with the carriage of livestock where the same is in the sole charge of the carrier and not accompanied by the shipper, or his agent, is that such carrier is charged with any loss occurring thereto which cannot be attributed to an act of God, the public enemy or the inherent vices or propensities of the animals themselves, and that a prima facie case of negligence of the carrier is made by proof of delivery to the carrier in good condition and delivery by the carrier at destination in an injured condition. The burden is then upon the carrier to show that the loss was occasioned by one of the excepted causes and not through its negligence.

Plaintiff insists that it is not provided in nor contemplated by the Interstate Commerce Act, or any of its amendments, that it should be driven to declare upon a shipping contract that contained an illegal and void stipulation requiring it, as assignee of the shipper, to prove as a condition precedent to recovery the overt act of negligence of the carrier causing the loss or injury.

Did the Interstate Commerce Act, including the Carmack and Cummins amendments, abrogate the right of a shipper to proceed against the carrier in a tort action based upon its common law liability? If it did not the trial court erred in sustaining the demurrer to plaintiff's declaration. We have carefully

examined every case cited by defendant and they all seem to shoot wide of the mark. It has not called our attention to any case that points out, nor does its brief enlighten us how or in what manner or in what provision of the Interstate Commerce Act, or the amendments thereto, the duty theretofore imposed by law upon carriers of interstate shipments was abrogated, nor does it point out any provision of the act that requires the shipper to bring his action on the contract and deprives him of his right of action for default of defendant in its common law duty as a common carrier.

We have carefully searched the act and its amendments, and are unable to find any provision that sustains defendant's contention that plaintiff was restricted under the act to an action on the shipping contract. On the other hand, the Carmack amendment (sec. 20, par. 11, title 49, p. 87, United States Code Ann.; sec. 8604a, U. S. Compiled Statutes 1918), specifically states that "provided further, that nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under the existing law. . . ."

The question presented for our determination has been passed upon so many times by the Supreme Court of the United States, and the courts of last resort of many of the States, that it would seem to be no longer in doubt.

It is urged by plaintiff that the only modification made by the Carmack amendment in the common law liability of carriers was to increase the liability of the initial or receiving carrier by making it liable for loss occurring on the lines of connecting carriers to which it may have delivered the shipment, as well as its own. We agree that the main purpose of that amendment is as contended, and that it was enacted to enable the holder of a bill of lading to sue the initial carrier for

any loss or damage to property suffered on any part of a through route, and thereby relieve such holder from the necessity of searching out and proving a case against a terminal or intermediate carrier. (*Oregon-Washington Railroad & Navigation Co. v. McGinn,* 258 U. S. 409, 66 L. Ed. 689; *Atlantic Coast Line R. Co. v. Riverside Mills,* 219 U. S. 186, 55 L. Ed. 167; *Alton Iron & Metal Co. v. Wabash Ry. Co.,* 328 Ill. 353; *Lino v. Northwestern Pac. R. Co.,* 332 Ill. 93.)

It has been repeatedly held by the Supreme Court of the United States that the Carmack amendment, and this is the only portion of the Interstate Commerce Act that might be considered as even remotely affecting such liability, did not supersede the liability of common carriers as at common law for delay, damage or loss to interstate shipments. The shipment involved here was an interstate shipment and the decisions of the Supreme Court of the nation are therefore controlling.

In *Chicago & Eastern Illinois R. Co. v. Collins Produce Co.,* 235 Fed. 857, the court, in holding that the Carmack amendment did not restrict or limit the common law liability of a carrier, used this language at pages 860 and 861: ·

"The trial court properly concluded that the Carmack amendment to the twentieth section of the act to regulate commerce did not change the common-law rule or restrict the liability of the carrier. The amendment merely imposed a liability upon the initial carrier for a loss occurring on the line of a connecting carrier. It was not intended to restrict, nor did it limit, the liability of any carrier. *Atlantic Coast Line Co. v. Riverside Mills,* 219 U. S. 194, 205, 31 Sup. Ct. 164, 55 L. Ed. 167, 31 L. R. A. (N. S.) 7; *Gal., H. & S. Ry. Co. v. Wallace,* 223 U. S 492, 32 Sup. Ct. 205, 56 L. Ed. 516. Also see decisions of United States Supreme Court (Advance Sheets): *New York, P. & N. Ry. Co.*

*v. Peninsula Produce Exchange Co.,* 240 U. S. 34, 36 Sup. Ct. 230, 60 L. Ed. 511, decided January 24, 1916; *Cincinnati, N. O. & Tex. Pac. Ry. Co. v. Rankin,* 241 U. S. 319, 36 Sup. Ct. 555, 60 L. Ed. 1022, decided May 22, 1916; *N. P. Ry. Co. v. Wall,* 241 U. S. 87, 36 Sup. Ct. 493, 60 L. Ed. 905, decided April 24, 1916.

"...

"The first contention of defendant is based upon an erroneous construction of the Carmack amendment to the interstate commerce act as heretofore pointed out. The loss being established, the liability of the initial carrier was not dependent upon the plaintiff's proof that such loss was caused by either the initial or connecting carrier. Defendant's liability was the common-law liability of a carrier, and it was not incumbent upon plaintiff to show that an act of the carrier occasioned the loss. *Galveston, H. & S. Ry. Co. v. Wallace,* 223 U. S. 491, 32 Sup. Ct. 205, 56 L. Ed. 516.''

In affirming the Circuit Court of Appeals in the *Collins Produce Co.* case, *supra,* the Supreme Court of the United States in 249 U. S. 186, 63 L. Ed. 552, held at pages 554 and 555:

"The first claim is that the court refused to rule that, by its terms, the Carmack amendment (June 29, 1906, 34 Stat. at L. 595, chap. 3591, Sec. 7, Comp. Stat. 1916, secs. 8604a, 8604aa) casts upon the shipper the burden of proving affirmatively that the loss which occurred on a connecting line was 'caused by' the connecting carrier. But, assuming that the question is presented by the record, which is doubtful, *Galveston, H. & S. A. Ry. Co. v. Wallace,* 223 U. S. 481, 491, 56 L. Ed. 516, 523, 32 Sup. Ct. Rep. 205, rules that, under the act as construed in *Atlantic Coast Line R. Co. v. Riverside Hills,* 219 U. S. 186, 205, 206, 55 L. Ed. 167, 181, 182, 31 L. R. A. (N. S.) 7, 31 Sup. Ct. Rep. 164, in such a case as we have here the liability of the initial carrier is as if the shipment had been between

stations in different states, but both upon its own line, and this renders the contention untenable. *Adams Exp. Co. v. Croninger,* 226 U. S. 491, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257, 33 Sup. Ct. Rep. 148, does not conflict with this conclusion. *Cincinnati, N. C. & T. P. R. Co. v. Rankin,* 241 U. S. 319, 326, 60 L. Ed. 1022, 1025, L. R. A. 1917A, 265, 36 Sup. Ct. Rep. 555.

"  .   .   .

"The common-law principle making the common carrier an insurer is justified by the purpose to prevent negligence or collusion between dishonest carriers or their servants and thieves or others, to the prejudice of the shipper, who is, of necessity, so remote from his property, when in transit, that proof of such collusion or negligence, when existing, would be difficult if not impossible."

There is no language in the statute (Carmack amendment) from which a purpose may be inferred to vary or limit the common law liability of the carrier or the common law rules governing proof of negligence as a fact in issue. When it was alleged that the shipper delivered the cow to the carrier in good condition and the carrier delivered the animal to the consignee in bad condition, a cause of action was sufficiently alleged. Proof of such allegations makes out a prima facie case of negligence. (*Thompson Mfg. Co. v. Chesapeake & Ohio Ry. Co.,* 95 W. Va. 670, 123 S. E. 421, 270 U. S. 416, 70 L. Ed. 659; *Kansas City Southern Ry. Co. v. Mixon-McClintock Co.,* 107 Ark. 48, 154 S. W. 205; *Lehigh Valley R. Co. v. Lysaght,* 271 Fed. 906; *Galveston, H. & S. A. Ry. Co. v. Wallace,* 223 U. S. 481, 56 L. Ed. 516; *Adams Express Co. v. Croninger,* 226 U. S. 491, 57 L. Ed. 314; *Storm Lake Tub & Tank Factory v. Minneapolis & St. L. R. Co.,* 209 Fed. 895.)

It is in vain to urge that recognition of plaintiff's common law right to recover in a tort action for the carrier's default in shipment is the grant of some

special service or right not offered to all shippers and is in conflict with the uniformity provisions of the Interstate Commerce Act. Such contention is obviously unsound, and it is sufficient answer to state that such common law right to recover in an action in case may be universally exercised under the overwhelming weight of authority, and is not a privilege extended to the plaintiff in this cause. If the rule were otherwise and we were to hold that the shipper must allege and prove the specific acts of negligence that caused injury or death to livestock in transit while unaccompanied by a caretaker and while under the sole control and direction of the carrier, it would be to say "that the shipper must establish facts that lie exclusively within the possession and control of defendant," and would leave the shipper without remedy or even hope of having his rights protected other than as the same might be protected by the testimony of those whose interest lay not with the shipper but opposed to him. The result would be that it would be practically impossible in any case to show such negligence on the part of the carrier as would warrant recovery. The law is conclusively settled that the common law liability of a common carrier still survives. We are of the opinion that all three counts of the declaration in this cause are good and the action being in case section 32 of the Practice Act, providing that a copy of the contract sued upon must be filed with the declaration, is not applicable.

For the reasons indicated the judgment and order are reversed and the cause remanded with directions to the circuit court to overrule defendant's demurrer.

*Judgment and order reversed and cause remanded with directions.*

GRIDLEY and SCANLAN, JJ., concur.